IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHS, INC., a Minnesota corporation,<br><br>               Plaintiff,<br><br>   vs.<br><br>VALLEY VIEW FEEDERS, INC., a Nebraska corporation, and RITCH BLYTHE, an individual,<br><br>               Defendants. | 8:23CV168<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on plaintiff CHS, Inc.'s ("CHS's") motion for default judgment. Filing No. 10. For the reasons set forth herein, the Court will enter default judgment.

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871). Moreover, "a default judgment cannot be entered until the amount of

damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

In the case at hand, the unchallenged facts establish a legitimate cause of action for breach of contract. Specifically, CHS's complaint alleges it is a Minnesota-based commodities marketer that buys and sells grain. Filing No. 1 at 2. CHS sold grain on credit to defendant Valley View Feeders, Inc. ("Valley View"), a cattle feedlot in Dawson County. *Id.* Defendant Blythe signed the credit agreement on behalf of Valley View as its president. *Id.*; Filing No. 1-1 at 4. Blythe also signed a personal guaranty. Filing No. 1 at 2; Filing No. 1-1 at 4. From June to September 2022, Valley View purchased approximately 80,801.01 bushels of yellow corn on an open account for the sum of $669,006.23. Filing No. 1 at 3; Filing No. 1-3 at 3; Filing No. 11-1 at 8–26. According to CHS, Valley View failed to comply with the credit agreement which required it to pay all applicable charges within twenty days. Filing No. 1 at 2; Filing No. 11-1 at 5.

The credit agreement provides that Minnesota law governs any disputes that arise between the parties. Filing No. 11-1 at 5. Under Minnesota law, "[t]he elements of a breach of contract claim are '(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant.'" *Lyon Fin. Servs., Inc. v. Illinois Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014) (quoting *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)). Here, CHS's complaint alleges the parties entered into a credit agreement, CHS provided the promised grain, and Valley View failed to pay. *See generally* Filing No. 1. Thus, the Court finds default judgment is appropriate.

The Court also concludes the amount of damages can be ascertained from the record and without the need for an additional evidentiary hearing. CHS submits documentation showing that subsequent to its breach, Valley View paid a total of $407,000 toward the total amount due, resulting in an outstanding principal amount of $262,006.23. Filing No. 13-1 at 1. Additionally, the contract provides for an interest charge of 1.5% per month on all outstanding balances. Filing No. 11-1 at 5. CHS seeks both prejudgment interest and postjudgment interest.

"In a diversity case, the question of prejudgment interest is controlled by state law." *Capella Univ., Inc. v. Exec. Risk Specialty Ins. Co.*, 617 F.3d 1040, 1052 (8th Cir. 2010) (quoting *Trinity Prod., Inc. v. Burgess Steel, L.L.C.*, 486 F.3d 325, 335 (8th Cir. 2007)). "Minnesota [has] adopted a compensatory policy toward prejudgment interest awards by amending Minn. Stat. § 549.09, subd. 1 to provide prejudgment interest in most cases." *Id.* (quoting *Solid Gold Realty, Inc. v. Mondry*, 399 N.W.2d 681, 683 (Minn. Ct. App. 1987)). Where the parties' contract sets a rate for prejudgment interest, such agreement controls. Minn. Stat. § 549.09(1)(b). Thus, CHS is entitled to interest at the contractual rate of 1.5% per month on all past-due amounts until the date of the judgment entered in this case.

Lastly, "[f]ederal law governs [the Court's] analysis of postjudgment interest." *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1007 (8th Cir. 2013). Postjudgment interest is mandatory under 28 U.S.C. § 1961. *Id.* 28 U.S.C. § 1961 also provides the method for calculating postjudgment interest. Accordingly, CHS is entitled to postjudgment interest as set forth in 28 U.S.C. § 1961 from the date the judgment is entered in this case until the date of payment.

4

IT IS ORDERED:

1. Plaintiff's motion for default judgment, Filing No. 10, is granted.

2. Plaintiff is entitled to default judgment in the amount of $262,006.23 plus prejudgment and postjudgment interest as set forth in this order jointly and severally against Defendants, Valley View Feeders, Inc., and Ritch Blythe.

3. The Court will enter a separate judgment.

Dated this 9th day of August, 2023.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge